UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MUHAMMAD M. ABDELHALIEM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 22-10788-WGY |
| MALDEN POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>MEMORANDUM & ORDER</u>

**July 19, 2022**

YOUNG, D.J.

On May 20, 2022, *pro se* plaintiff Muhammad M. Abdelhaliem filed a civil complaint and motions for leave to proceed *in forma pauperis* and for the appointment of counsel. For the reasons set forth below, the Court will grant the motion for leave to proceed *in forma pauperis* and dismiss this action without prejudice.

## I.   **Motion for Leave to Proceed *in Forma Pauperis*.**

Upon review of the motion for leave proceed *in forma pauperis*, the Court concludes that Plaintiff has sufficiently demonstrated that he is unable to pay the filing fee. Accordingly, the motion is <u>GRANTED</u>.

## II.  Review of the Complaint

Because Plaintiff is proceeding *in forma pauperis*, the
Court may conduct a preliminary review of the complaint and
dismiss it upon a finding that the complaint is frivolous,
malicious, fails to state a claim upon which relief may be
granted, or seeks damages from a party that is immune from such
relief.  *See* 28 U.S.C. § 1915(e)(2).  Here, Plaintiff's
complaint is subject to dismissal because it fails to state a
claim upon which relief may be granted.

Plaintiff's pleading consists of a completed six-page form
complaint and approximately 120 single-spaced typed pages of
factual allegations and legal claims.[1]  Within this tome,
Plaintiff claims that the Malden Police Department—-whether
directly through its own employees or through law enforcement
officers of other agencies—-have permeated every aspect of
Plaintiff's life to his detriment.

Malden Police Department's alleged intrusions into
Plaintiffs life include, but are not limited to the following:
used Plaintiff's apartment manager to steal the gold belt of
Plaintiff's wife; terminated his driving account with Uber;
taping Plaintiff's communications to deprive Plaintiff of work,

---

[1] On March 22, 2022, Plaintiff filed three CD-ROMs as an exhibit
to his complaint.  Given the length and nature of Plaintiff's
allegations in his written complaint, the Court has not reviewed
the content of the CD-ROMs.

housing, and the ability to rent a new apartment; intimidated Plaintiff to stop availing himself of medical care, which Malden Police accomplished by using the medical care clinic to give him a questionnaire allegedly related to a conspiracy against him (Plaintiff took this incident "as a life threat."  Compl. at 4.); tampered with all the attorneys he had used to procure legal advice; tracked his location and tapping his cell phone; sending texts to Plaintiff's Uber passengers while they were in his car[2]; aided and abetted Plaintiff's passengers to file false complaints against him; conspired with his landlord to have Plaintiff evicted; used neighbors to vandalize Plaintiff's 2022 Toyota Corolla; had his dentist commit malpractice in the form of putting in a black filling instead of the white filling Plaintiff had requested; used surveillance to isolate him and deprive him of friends; targeted and stalked him in medical clinics, emergency rooms, a dental clinic, stores, and mechanic shops; used Plaintiff's mechanics to damage his car's brakes and wheel hubs; and, abetted civilians to hit his car.

    To state a claim for relief, a complaint must include "a short and plain statement of the claim showing that the pleader

---

[2] Plaintiff alleges that, "when [he] asked those riders in his care to show [him] the texts that had been receiving from those Gov. officials/police agency/police surveillance officers, some of them (the text receivers/the riders in my car) had told [him] 'I cannot show you the text because it is confidential.'" Compl. at 12.

is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not as onerous as a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

As a threshold matter, Plaintiff's complaint is not a "short and plain statement" of his claim. More problematic, though, is that his claim is not plausible. To be sure, Plaintiff has adequately alleged a wide range of mishaps, challenges, and unfortunate events in his life. For purposes of the review of the complaint, the Court credits Plaintiff's allegations of harms that occurred. For example, the Court treats as true allegations that neighbors vandalized his car, that Uber passengers would not show him texts they received, that his landlord wrongfully evicted him; and, that the dentist did not use Plaintiff's filling of choice. Notwithstanding, Plaintiff's claim is not plausible because it rests on the premise that these events (and all others set forth in the

complaint) were all part of the Malden Police Department's conspiracy to injure him.  The Court cannot reasonably infer that the Malden Police Department and those acting at the direction of or in concert with are liable for all the alleged misfortunes in Plaintiff's life.  Because Plaintiff's theory of liability is fatally flawed the Court will dismiss this action without prejudice.  *Gordon v. Suffolk Cnty.*, 792 Fed. App'x 128, 129-30 (2d Cir. 2020) (upholding district court's dismissal a complaint in which plaintiff pled "an overarching conspiracy lasting more than 17 years that allegedly resulted in, at some unspecified time, his home being raided, his telephone tapped, his computer hacked, and his tax records removed"; holding that district court did not err denying leave to replead on the ground that problems with the pleading were "substantive" and would not be cured by repleading).

## IV.  Conclusion

Accordingly, for the reasons set forth above, this action is dismissed without prejudice for failure to state a claim upon which relief may be granted.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE